## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: CARMEN A. PATINO AND ARTURO PATINO,<br><br>Debtors.<br>U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES III TRUST,<br><br>Movant,<br><br>and<br><br>CARMEN A. PATINO AND ARTURO PATINO,<br><br>Debtors. | Chapter 13<br>Case No. 14-10588-BLS<br><br><br>Docket Ref. No. 53 |

### STIPULATION REGARDING U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES III TRUST'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION

This Stipulated Order is made the 30th day of July, 2019, by and among Carmen A. Patino and Arturo Patino (the "Debtors") and U.S. Bank Trust National Association, as Trustee of the Tiki Series III Trust ("Movant"), through their respective counsel, as follows:

### BACKGROUND

1. The Debtors are the real and registered owners of certain real estate situated at 49 Chesterfield Drive, New Castle, Delaware 19720 (the "Mortgaged Property") and is currently in possession of same.

2. Movant is a secured creditor of the Debtors as evidenced by a certain note (the "Note"), in the principal amount of $136,000.00, executed on March 13, 2008. Pursuant to the Note, Debtors are currently required to make monthly payments in the amount of $1,098.25.

3. The Debtors executed a Mortgage dated on or about March 13, 2008 (the "Mortgage") securing the Note in favor of Movant's interest in the Mortgaged Property.

4. On or about March 19, 2014 (the "Filing Date"), the Debtors filed a Voluntary Petition for Relief Pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtors are in default of the Note and Mortgage obligations to Movant as they have failed to make full payment of the Note and Mortgage that have come due for the months of December to July, 2019.

6. The Debtors' post-petition payments to Movant fell into arrears and Movant filed its Motion for Relief from Stay on May 3, 2019. (Docket No.53).

7. The parties to this Stipulated Order recognize the cost, inconvenience, and uncertainty associated with pursuing and defending the motion for relief from the automatic stay and instead desire to settle their disputes on the terms and conditions set forth in this Stipulated Order.

**NOW, THEREFORE**, with the foregoing Background deemed incorporated herein by this reference as if set forth at length, the parties hereto, intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenant and terms contained herein, agree as follows:

8. Determination of the Movant's Motion is hereby stayed until the Debtors perform, observe, and/or fully comply with any covenant, term, or condition contained in this stipulation, including, without limitation, the performance of payments called for by paragraphs 9 and 10 of this stipulation.

9. The arrearages and costs are calculated as follows:

| | | |
|---|---:|---|
| $ | 7,687.75 | Arrears |
| $ | (383.00) | Unapplied Funds |
| $ | 181.00 | Filing Fee |
| $ | 400.00 | Attorney Fees |
| $ | 7,885.75 | Total to be paid by stipulation |

Arrears calculated as follows:
Mortgage payments – 12/1/2018-6/1/2019 @ $1,098.25 each

10. Debtors agree to pay the arrears of $7,885.75 by making five (5) monthly payments of $1,314.29 and one (1) monthly payment of $1,314.30 beginning on August 15, 2019.

11. Debtors also agree to pay to Movant their regular monthly payments currently in the amount of $1,098.25 as they become due under the terms of the Note beginning with the August 1, 2019 payment.

12. The following shall be Events of Default under this Stipulated Order and under the Note and Mortgage:

   a. the occurrence of a default under the Note and Mortgage including the failure to make a monthly payment to Movant pursuant to the terms of the Note and Mortgage.

13. Upon the occurrence of an Event of Default and ten (10) days' notice thereof to Debtors and their counsel as set forth in paragraph 12 above and Debtors' failure to cure said event of default within 10 days of receipt of said Notice of Default, Relief from Stay will be hereby lifted without further hearing, and Movant may, at its option, exercise any or all of the following rights and remedies:

   a. declare all existing liabilities, indebtedness, and obligations of the Debtors to Movant immediately due and payable, including, but not limited to, interest, principal, expenses, advances to protect

      Movant's interest in the Mortgaged Property, and reasonable counsel fees to enforce this Stipulated Order of the Note and Mortgage, all without demand, notice, or any further actions;

  b. institute any legal proceedings available to Movant for the purpose of recovering any damages suffered by Movant as a result of Debtors' breach of this Stipulated Order;

  c. take any and all actions necessary to foreclose upon the Mortgaged property; and/or

  d. exercise any other right or remedy available to Movant under applicable law.

  e. All of the above items "a" through "d" shall be *in rem* actions only against the property.

14. All notices required or desired to be given to the Debtors hereunder shall be in writing and shall be deemed to have been given when the notice is (i) personally delivered to Debtors and their counsel or (ii) sent by United States First Class Mail, postage prepaid to Debtor at their address set forth below and sent by United States First Class Mail, postage prepaid to Debtors' counsel at the address and number set forth below:

<u>Debtors:</u>

Carmen A. Patino
49 Chesterfield Drive
New Castle, DE 19720

Arturo Patino
49 Chesterfield Drive
New Castle, DE 19720

**With a Copy to:**

Angelique R. Crabill, Esquire
Crabill Law, LLC
1521 Concord Pike, Ste. 301
Wilmington, DE 19803

Michael B. Joseph
Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, DE 19899-1351

Any notice of a change in the foregoing addresses shall be sent to counsel for Movant.

15. This Stipulated Order shall be binding upon the parties hereto, their respective heirs, successors, assigns, executors, administrators, and legal and personal representatives, regardless of whether the Debtors' bankruptcy case is converted or dismissed and shall be binding upon any trustee appointed in the case. Confirmation of any plan or reorganization filed in Debtors' bankruptcy case shall not alter, amend, modify, or otherwise affect any term, covenant, or condition of this Stipulated Order without the prior written consent of Movant.

16. **Nothing** herein nor any delay on the part of Movant in the exercise of any right or remedy hereunder shall operate or be construed as a waiver of any of Movant's rights hereunder.

17. This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same instrument.

18. It is expressly understood and agreed that the execution and entry of this Stipulated Order shall in no way constitute a waiver of the Debtors' right to propose a plan of reorganization which seeks to impair Movant's claim or right to object to any plan of reorganization proposed or filed by the Debtors.

19. As long as no uncured Event of Default exists, the terms of Stipulated Order shall remain in effect until all of the payments under paragraph 9 have been made.

20. Attorney fees and costs for issuing Notice to Cure, Notice / Certificate / Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

**IN WITNESS WHEREOF**, the parties hereto have authorized their counsel to execute this Stipulated Order on their behalf and have caused this Stipulated Order to be executed.

Date: 7/30, 2019

Janet Z. Charlton, Esquire (No. 2797)
McCabe, Weisberg & Conway, LLC
1407 Foulk Road, Suite 204
Foulkstone Plaza
Wilmington, DE 19803
(302) 409-3520 [tel]
(855) 425-1980 [fax]
Counsel for Movant

Date: July 30, 2019

Angelique R. Crabill, Esquire
Crabill Law, LLC
1521 Concord Pike, Ste. 301
Wilmington, DE 19803
Counsel for Debtors

The Trustee has read this Stipulated Order and consents to the terms thereof.

Dated: 7-30, 2019          _____
                            Michael B. Joseph

APPROVED AND SO ORDERED this 7th day of August 2019.

BY THE COURT:

_____
United States Bankruptcy Judge